UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTINA GREENFIELD,<br><br>Appellant,<br><br>v.<br><br>DAVID P. GARDNER, Chapter 7 Trustee,<br><br>Appellee. | Case Nos.  2:21-mc-00564-BLW<br>                     2:21-mc-00593-BLW<br><br>Bk. No.      19-20785-NGH<br><br>BAP Nos.   ID-21-1095<br>                     ID-21-1096<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO APPEAL IN FORMA PAUPERIS** |

Before the Court are Christina Greenfield's motions to appeal in forma pauperis from orders issued by the United States Bankruptcy Court for the District of Idaho. *See* Dkt. 1 in 2:21-mc-00564-BLW; Dkt. 1 in 2:21-mc-00593-BLW. For the foregoing reasons, the motions will be denied.

## BACKGROUND

Ms. Greenfield filed for chapter 7 bankruptcy in 2019. Chapter 7 trustee David Gardner filed motions for an order approving the sale of real property and an application for compensation of realtor, which Ms. Greenfield opposed. The Bankruptcy Court granted Mr. Gardner's motions. Ms. Greenfield appealed and asked the Bankruptcy Court for fee waivers and in forma pauperis status, pursuant to 28 U.S.C. §§ 1915 and 1930. *See* Dkt. 1-2 in 2:21-mc-00564-BLW.

The Bankruptcy Court also overruled Ms. Greenfield's objection to a proof of claim filed by Eric and Rosalynd Wurmlinger. On June 28, 2021, Ms. Greenfield

appealed that order and again requested in forma pauperis status. *See* Dkt. 1-1 in 2:21-mc-00593-BLW.

In both cases, the Bankruptcy Court denied the requests for waiver under § 1930 and referred the § 1915 in forma pauperis requests to this Court. *See* Dkt. 1-2 & 1-3 in 2:21-mc-00564-BLW; Dkt. 1-1 & 1-2 in 2:21-mc-00593-BLW. Ms. Greenfield also requested in forma pauperis status in the Ninth Circuit Bankruptcy Appellate Panel, which referred her application to this Court as well. *See* Dkt. 2 in 2:21-mc-00564-BLW.

## DISCUSSION

The in forma pauperis statute permits a court of the United States to "authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit [showing an inability to pay]." 28 U.S.C. § 1915(a)(1). However, even if a party is unable to pay the fee, an appeal may *not* be taken in forma pauperis if the court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o [appeal] in bad faith means merely to [appeal] on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Having reviewed the record surrounding the bankruptcy proceedings, this Court finds that Ms. Greenfield's appeals are not taken in good faith. Therefore, regardless of her ability to pay, she is not entitled to in forma pauperis status on appeal.

The Bankruptcy Court overruled Ms. Greenfield's objections both on the merits and for lack of standing. Debtors lack appellate standing when they do not face an

adverse and pecuniary effect. *An-Tze Cheng v. K&S Diversified Invs. (In re Cheng)*, 308 B.R. 448, 454 (B.A.P. 9th Cir. 2004) *aff'd*, 160 F. App'x 644 (9th Cir. 2005). Ms. Greenfield has failed to present any evidence showing a reasonable possibility that the sale would result in a surplus in which she would have any pecuniary interest. Thus, she cannot show any injury from the Bankruptcy Court's orders. *See id*. ("A debtor, in its individual capacity, lacks standing to object unless it demonstrates that it would be 'injured in fact' by the allowance of the claim."); *compare In re Pena*, 974 F.3d 934, 938 (9th Cir. 2020) ("The fact that [the debtor's] Chapter 7 estate did not result in a surplus does not address his central claim here: that the unclaimed funds are not part of the estate because they were abandoned by the trustee."). Therefore, Ms. Greenfield lacks standing to appeal.

The law is clear on the standing question, and Ms. Greenfield's appeals are plainly without merit. Accordingly, this Court finds that the appeals are not taken in good faith.

## ORDER

**IT IS ORDERED** that Plaintiff's motions to appeal in forma pauperis under 28 U.S.C. § 1915 (Dkt. 1 in 2:21-mc-00564-BLW & Dkt. 1 in 2:21-mc-00593-BLW) are DENIED.

DATED: August 5, 2021

B. Lynn Winmill
U.S. District Court Judge